IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
SHERMAN JOHNSON, )
)
      Petitioner, )
)
v. ) No. 08 C 3474
)
)
DON HULICK, )
)
      Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Sherman Johnson's ("Johnson") petition for a writ of *habeas corpus* ("Petition"). For the reasons stated below, we deny the Petition.

## BACKGROUND

Johnson was charged in connection with the murder of a tenant in the building where he sold drugs. *People v. Johnson*, No. 1-97-3732 (Ill. App. Ct. 1999). After a bench trial in the Circuit Court of Cook County, Illinois, Johnson was convicted of first degree murder, solicitation of murder for hire, solicitation of murder, and conspiracy to commit murder. The court sentenced Johnson to life imprisonment. On June 18, 1999, the Illinois Appellate Court affirmed Johnson's conviction and

1

sentence. On October 6, 1999, the Illinois Supreme Court denied Johnson's petition for leave to appeal. Johnson subsequently filed a post-conviction petition for collateral review of his conviction in the Circuit Court of Cook County, Illinois. The court dismissed Johnson's post-conviction petition without an evidentiary hearing on February 3, 2005. On September 28, 2007, the Illinois Appellate Court affirmed the dismissal of the post-conviction petition. Johnson then filed a petition for leave to appeal to the Illinois Supreme Court. On January 30, 2008, the Illinois Supreme Court denied Johnson's petition for leave to appeal. Johnson has now brought the instant *pro se* petition for a writ of *habeas corpus*.

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to 28 U.S.C. § 2254, a writ of *habeas corpus* will not be granted unless "the applicant has exhausted the remedies available in the courts of the State; . . . or there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A federal court can only grant a *habeas* petition "if the state court's decision: (1) was 'contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States'; or (2) 'involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" *McDowell v. Kingston*, 497 F.3d 757, 761

(7th Cir. 2007)(quoting in part 28 U.S.C. § 2254(d)(1)). The decision by a state court is deemed to be "'contrary to' clearly established federal law if the state court either 'applies a rule that contradicts the governing law' set forth by the Supreme Court or decides a case differently than the Supreme Court has on materially indistinguishable facts." *Id.* (quoting in part *Williams v. Taylor,* 529 U.S. 362, 405 (2000)).

## DISCUSSION

In Johnson's *pro se* Petition, Johnson alleges: (1) that the State failed to present sufficient evidence to support his conviction, (2) that the trial court abused its discretion when it admitted out of court statements by a co-conspirator named Michelle Clopton ("Clopton") since such statements lacked foundation, contained hearsay, failed to fall under the co-conspirator exception to the hearsay rule, and the admission of such evidence violated the Confrontation Clause, (3) that the trial court abused its discretion when it admitted evidence of Johnson's drug related activity to prove motive, (4) that the evidence did not support a sentence of natural life in prison and such a sentence was an abuse of discretion, (5) that the trial court erred when it denied Johnson's motion to reconsider his sentence, and (6) that Johnson's trial counsel was ineffective since he failed to object to the admissibility of Clopton's statements, since he failed to interview or call three potential defense witnesses, and since his counsel had a conflict of interest that Johnson did not knowingly waive. The Government filed an answer to these claims arguing that many of the claims are non-cognizable and procedurally defaulted. The Government argues that, with

3

respect to the non-defaulted claims, Johnson has not shown a violation of his constitutional rights.

I. Non-cognizable and Procedurally Defaulted Claims

Before addressing the merits of Johnson's Petition, the court must determine whether Johnson's allegations are procedurally defaulted. *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). A *habeas* claim is defaulted when: (1) the petitioner has not exhausted state court remedies, or (2) the petitioner fails to comply with a state court procedural rule. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998).

    A. Unexhausted Claims

The Government argues that Johnson's claim that admission of certain statements by Clopton violated the Confrontation Clause was not adequately presented to the state courts for review and is, thus, procedurally defaulted. A federal court will not review a *habeas* claim when the petitioner has not exhausted all state court remedies with respect to that claim. *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1996). To exhaust all state court remedies, the petitioner "must present . . . federal constitutional claims initially to the state courts." *Id*. In order to fairly present a claim to the state courts, a petitioner is required to "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Malone v. Walls*, 538 F.3d 744, (7th Cir. 2008). The Government points out that, while Johnson raised his Confrontation Clause claim in his post-conviction petition at the trial court level, he did not assert

4

such a claim in his appeal from the denial of his post-conviction petition, or at any time on the direct appeal of his conviction. Thus, Johnson's Confrontation Clause argument has not been presented for a "complete round" of review to the Illinois courts and his claim is procedurally defaulted. *Id.*

The Seventh Circuit has recognized two circumstances where a petitioner can excuse a procedural default, and thus can raise the allegation in a *habeas* petition. *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000). These two exceptions are (1) when the petitioner "show[s] cause and prejudice for his failure to exhaust his claims . . ." and (2) when the petitioner "show[s] that a failure to review these claims results in a fundamental miscarriage of justice." *Id.* at 647-48. In this case however, Johnson has not argued, in either his Petition or his reply to the Government's answer, that there is good cause or prejudice for his failure to exhaust the claims, and there is no indication that procedural default of such a claim would be a fundamental miscarriage of justice. *See Bell v. Pierson*, 267 F.3d 544, 555 n.6 (7th Cir. 2001)(finding that cause and prejudice arguments were waived when the petitioner "made no effort to argue cause and prejudice in order to avoid this procedural bar"). Therefore, we find that Johnson's Confrontation Clause argument is procedurally defaulted.

### B. Default of State Evidentiary Claims

The Government argues that certain claims of Johnson are "not cognizable in habeas corpus," such as (1) Johnson's claim that the trial court abused its discretion by admitting Clopton's out of court statements, and (2) Johnson's claim that the trial

court abused its discretion by admitting evidence of Johnson's drug-related activity. (Ans. 10). Relief under *habeas corpus* "is unavailable to remedy errors of state law." *Perry v. McCaughtry*, 308 F.3d 682 (7th Cir. 2002); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)(stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Since Johnson has stated claims based on violations of state court evidentiary law, we agree with the Government that such claims are not cognizable in a *habeas* petition.

Furthermore, the Government argues that even if Johnson's state evidentiary claims could be asserted in a *habeas* petition, these claims are also defaulted due to Johnson's failure to meet state court procedural requirements with respect to these claims. Even when a claim is addressed on the merits at the state court level "[a] procedural default also occurs when a state court disposes of a claim on an independent and adequate state law ground." *Johnson v. Loftus*, 518 F.3d 453, 455 (7th Cir. 2008). A petitioner's allegation is also procedurally defaulted when the state court explicitly relied on a state procedural bar as an alternative basis for its decision. *Hampton v. Leibach*, 347 F.3d 219, 242 (7th Cir. 2003)(stating that "[a] petitioner's procedural default will bar federal habeas review only if the state court actually relied on that default as an independent basis for its decision"); *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

In this case, during Johnson's direct appeal, the Illinois Appellate Court held that Johnson forfeited his evidentiary claims when he did not object either at trial or in a post-trial motion. *Johnson*, No. 1-97-3732 at 7. Although the Illinois Appellate Court also resolved these claims on the merits, the court did so in an alternative

6

holding. *Id.* at 8-11. Therefore, Johnson cannot avoid procedural default under the independent and adequate state ground doctrine. *Harris*, 489 U.S. at 264 n.10. (holding state court resolution of federal claim does not excuse procedural default when state court resolves same claim on independent and adequate state grounds).

With respect to one of his evidentiary claims, namely that it was an abuse of discretion to admit Clopton's out of court statements, Johnson has also alleged that his trial counsel was ineffective due to a failure to object to the statements. A court may excuse a procedural default when an "[a]ttorney's error . . . constitutes ineffective assistance of counsel." *Franklin v. Gilmore*, 188 F.3d 877, 883 (7th Cir. 1999). Courts determine whether an attorney's ineffectiveness is cause for excusing a procedural default using the test identified by the Supreme Court for assessing ineffective assistance of counsel claims in *Stickland v. Washington*, 466 U.S. 668, 687-88 (1984). *See Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008)(stating that "[w]hen a habeas petitioner seeks to excuse a procedural default through an ineffective-assistance claim, the 'cause' and 'prejudice' test . . . is replaced by the similar test for ineffective assistance set out in *Strickland* . . ."). As will be discussed in more detail below, Johnson has failed to show that his counsel was ineffective, and has not shown a valid cause for his procedural default. Also, as we have already found, even if Johnson's evidentiary claims were not procedurally defaulted, they would not be grounds for *habeas* relief. Therefore, we find that Johnson's evidentiary claims based upon the admission of Clopton's statements and the admission of evidence of Johnson's drug activities, are procedurally defaulted.

7

C. Sentencing Claims

Johnson also claims that the trial court abused its discretion when determining his sentence. Johnson argues that the trial court erred in sentencing him to life imprisonment without evidence of aggravating factors, that such a sentence was excessive, and that the court erred in refusing to rule on his motion to reduce his sentence. At sentencing, the trial court found that three aggravating factors were present: (1) a procurement of murder for hire; (2) an intent to stop an individual from participating in a criminal investigation by murdering the individual; and (3) a preconceived plan to murder another human being. *See* 720 ILCS 5/9-(1)(b)(5), (8), (11). Johnson claims that these aggravating factors were proven through unreliable and improper information, specifically, the state's deficient evidence and unreliable witnesses. However, Johnson relies on what he perceives to be state law evidentiary errors. Federal courts will not review non-capital sentences that are within the state's statutory limits unless the trial court abused its discretion. *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994)(stating that "a federal court will not normally review a state sentencing determination which . . . falls within the statutory limit"); *Williams v. Duckworth,* 738 F.2d 828, 831 (7th Cir. 1984). Under Illinois law, the court may sentence a defendant who is found guilty of first degree murder to life imprisonment when any aggravating factor is present. 720 ILCS 5/5-8-1(a)(1997); *see also* 720 ILCS 5/9-(1)(b)(1997)(listing aggregating factors). Since Johnson was sentenced by the trial court to a term of imprisonment which was within the statutory limit and since Johnson has not shown that there was abuse of discretion at the trial court level,

8

Johnson cannot assert a cognizable claim based on the determination of his sentence in the instant Petition.

Furthermore, even if the court were to conclude that Johnson could assert his claims based on the determination of his sentence, Johnson has failed to show that his sentence is grossly disproportionate to his crime, which was first degree murder. *See Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997)(holding court will only review state sentences that are "grossly disproportionate" to a crime). In Johnson's case, the state trial court considered evidence of aggravating and mitigating factors, and Johnson provides no evidence that the trial court abused its discretion in balancing those factors. Therefore, Johnson's claims based on the determination of his sentence lack merit.

Johnson's final claim with respect to his sentence is that the trial court erred in refusing to consider his motion for a reduction in his sentence. The trial court based its decision not to hear Johnson's motion for a reduction in his sentence on a lack of jurisdiction under Illinois procedural law. The trial court's conclusion was upheld on appeal by the Illinois Appellate Court. *Johnson*, No. 1-97-3732 at 13-14. Johnson has not shown that the trial court's refusal to hear his motion for a reduction in his sentence was a violation of his constitutional rights.

III. Non-Defaulted Claims

Two of Johnson's claims, (1) the sufficiency of the evidence claim and (2) the ineffective assistance of counsel claims are suitable for a determination on the merits. As stated above, a petitioner can only succeed on a *habeas* petition if he can show

that "the state court's decision: (1) was 'contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States'; or (2) 'involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" *McDowell*, 497 F.3d at 761 (quoting in part 28 U.S.C. § 2254(d)(1)); *see also Simonson v. Hepp*, 2008 WL 5134700 at *4 (7th Cir. 2008)(stating that "mere error is not sufficient; a state court's decision must be 'objectively unreasonable.'")(quoting in part *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)).

A. Insufficient Evidence Claim

Johnson claims that the prosecution's evidence was insufficient to convict him since the testimony provided at trial lacked credibility. Under federal *habeas* review, the "'threshold inquiry is whether after viewing the evidence in a light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Brandt*, 546 F.3d 912, 915 (7th Cir. 2008)(quoting *United States v. Farris*, 532 F.3d 615, 618 (7th Cir. 2008))(emphasis in original).

Under Illinois Law a person commits first degree murder "if, in performing the acts which cause the death: (1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or (2) he knows that such acts create a strong probability of death or great bodily harm to that individual or another; or (3) he is attempting or committing a forcible felony other than second degree murder." 720 ILCS 5/9-1(a)(1)-(3)(1997).

10

Also under Illinois law, "[a] person is legally accountable for the conduct of another when: (a) having the mental state described by the statute defining the offense, he causes another to perform the conduct . . .; or (b) the statute defining the offense makes him so accountable; or (c) either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." 720 ILCS 5/5-2(a)-(c).

In this case, the prosecution presented the testimony of three witnesses, all of whom implicated Johnson for the killing of the victim. *Johnson*, No. 1-97-3732 at 2. The three witnesses testified that they heard Johnson discussing a plot to murder the victim. *Id.* The witnesses also testified that they saw Johnson hand a gun to one of the two people involved in the shooting of the victim. *Id.* Despite some inconsistencies in their testimony, the trial court found Johnson guilty of first degree murder. *Id.* On appeal, the Illinois Appellate Court utilized the proper standard for addressing a sufficiency of the evidence claim and concluded that, when viewing the evidence in a light most favorable to the prosecution, the State had introduced sufficient evidence to prove Johnson's guilt. *Johnson*, No. 1-97-3732 at 12-13. Based on the record, we agree that a reasonable trier of fact could have found Johnson guilty of first degree murder based on the evidence put forth by the State.

Moreover, Johnson bases his insufficient evidence allegation on his argument that the witnesses lacked credibility. However, federal courts do not evaluate witness credibility during *habeas* review. *See Julian v. Bartley*, 495 F.3d 487, 494 (7th Cir. 2007)(stating that "'federal habeas courts [have] no license to redetermine

11

credibility of witnesses whose demeanor has been observed by the state trial court, but not by them'")(quoting and *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Thus, based on the record, Johnson has not shown a constitutional violation with respect to his sufficiency of the evidence claim.

B. Ineffective Assistance of Counsel

Johnson also alleges that his trial counsel was ineffective. Johnson bases his ineffective assistance of counsel claim on three specific allegations: (1) that his trial counsel erred in failing to object to the admission of statements attributed to Clopton for lack of foundation, (2) that his trial counsel continued to represent Johnson despite a conflict of interest, and (3) that his trial counsel failed to interview and call witnesses with valuable testimony.

A *habeas* petitioner "bears the heavy burden of showing that his attorney's performance fell below the objective standard of reasonableness and that he was prejudiced by the deficient performance." *Walker v. Litscher*, 421 F.3d 549, 558 (7th Cir. 2005). To establish ineffective assistance of counsel, a defendant must show that: "(1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial." *Fountain*, 211 F.3d at 434. There is a "strong presumption that counsel's conduct falls within the wide range of acceptable professional assistance" and the defendant faces a "heavy burden" in proving ineffective assistance of counsel. *United States v. Ruzzano*, 247 F.3d 688, 696 (7th Cir. 2001); *see also See Strickland*, 466 U.S. at 689 (1984)(stating that "[t]here are

12

countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way"). To establish a claim of ineffective assistance of counsel, the petitioner must show that counsel's errors were serious enough to deny petitioner his Sixth Amendment rights to counsel. *Id.* at 687. The petitioner must also prove that counsel's performance prejudiced his defense by denying him a fair trial. *Id.* at 687-88. Prejudice means that, but for counsel's error, the trial would have resulted in a different outcome. *Lee*, 328 F.3d at 901.

### A. Failure to Object

Johnson claims that his trial counsel was ineffective because his counsel failed to object to statements attributed to Clopton for lack of foundation. Johnson's claim relating to the failure to object fails to establish either prong of the ineffective assistance of counsel test. First, Johnson cannot prove that he was prejudiced by his counsel's failure to object to the admission of statements attributed to Clopton. As the Illinois Appellate Court held in Johnson's appeal, the State did establish a foundation for the statements to be admitted since a witness testified that she overheard the statements from Clopton and that Clopton repeated those statements to the witness shortly thereafter. *Johnson*, No. 1-97-3732 at 8-9. Furthermore, as the Government points out, testimony offered by the State established the date, locations and participants in the conversation. (Govt. Ex. B at D22-25, 104-110). Thus, Johnson cannot show that, even if his counsel had raised such an objection, that the objection would have been meritorious. *Whitehead v. Cowan*, 263 F.3d 708, 731

(7th Cir. 2001)(indicating that trial counsel will not be held ineffective for failing to raise a losing argument). Johnson has not shown that his counsel's action was anything less than sound trial strategy. *See Ben-Yisrayl v. Buss*, 540 F.3d 542, 548 (7th Cir. 2008)(stating that "[a] petitioner must overcome the 'presumption that, under the circumstances, the challenged action might be considered sound trial strategy'")(quoting in part *Johnson v. Loftus*, 518 F.3d 453, 457 (7th Cir. 2008)). As such, Johnson has not shown that his counsel's failure to object based on foundation to the statements of Clopton was unreasonable or resulted in prejudice to his case.

B. Conflict of Interest

Johnson claims that, because his trial counsel previously represented one of the state witnesses, his trial counsel had a conflict of interest and was ineffective. Generally, a trial counsel's conflict of interest can support a *habeas* claim. *Stoia v. U.S.*, 109 F.3d 392, 395 (7th Cir. 1997). However, a defendant can waive the right to a conflict-free counsel when the waiver is made knowingly and intelligently. *United States v. Lowry*, 971 F.2d 55, 60 (7th Cir. 1992). If the defendant waives the conflict, a defendant may not attack a conviction based on a conflict of interest claim. *Id*.

Johnson's ineffective assistance of counsel claim relating to his counsel's conflict of interest was assessed by the Illinois Appellate Court on appeal from Johnson's petition for post-conviction relief. *People v. Johnson*, No. 1-05-0471 (Ill App. Ct. 2007). As was discussed in detail by the Illinois Appellate Court, the trial court engaged in a lengthy colloquy with Johnson regarding his counsel's prior

representation of one of the state witnesses. *Id.* at 7-8. The statements made by Johnson in that colloquy unequivocally indicated that he understood the nature of his counsel's potential conflict and waived any objection to such a conflict. *Id.* at 9-12. While Johnson now asserts that he was prejudiced by his counsel's potential conflict, he has not established that his waiver of that conflict was not knowing and voluntary. Consequently, Johnson cannot attack his conviction based on an allegation that his counsel had a conflict of interest, and Johnson has failed to show that the Illinois Appellate Court committed a constitutional error when it ruled that Johnson had waived his objection to his counsel's conflict of interest.

### C. Failure to Investigate or Call Witnesses

Johnson claims that his trial counsel's decision not to investigate or call three potential witnesses that Johnson claims would have benefitted his defense was unreasonable. The first prong of the *Strickland* test requires counsel to conduct a reasonable investigation of petitioner's case. *Williams v. Taylor*, 529 U.S. 362, 371 (2000). The Supreme Court has stated that counsel must have "wide latitude . . . in making tactical decisions." *Strickland*, 466 U.S. at 689. Under the second prong, petitioner must show that counsel's failure to investigate prejudiced the petitioner with respect to the outcome of the case. *See id*. at 695 (holding prejudice requires reasonable probability that the outcome would have been different). Moreover, we will evaluate counsel's conduct "at the time [counsel] decided to forego" the investigation. *Williams v. Washington*, 59 F.3d 673, 680 (7th Cir. 1995).

15

The Illinois Appellate Court carefully considered Johnson's claim in addressing the appeal of his post-conviction appeal. As the Illinois Appellate Court noted, the potential witnesses described by Johnson would merely have testified to the fact that they did not see or hear any discussions between Johnson and others regarding the plan to murder the victim and that one of the State's witnesses was addicted to drugs. *Johnson*, No. 1-05-0471 at *14. The Illinois Appellate Court correctly noted that the potential witnesses "could not have known what activities were happening everywhere in the building" and the fact that they did not hear such incriminating statements "does not mean that this discussion did not occur." *Id.* Based on the record, which includes affidavits from these potential witnesses, the Illinois Appellate Court did not unreasonably determine that Johnson had failed to make a substantial showing of ineffective assistance of counsel. The fact that Johnson's counsel did not call these three potential witnesses does not demonstrate that Johnson's counsel failed to conduct a reasonable investigation or that any of Johnson's counsel's actions were unreasonable. *See Ben-Yisrayl*, 540 F.3d at 548 (discussing presumption that a challenged action "'might be considered sound trial strategy'")(quoting in part *Johnson*, 518 F.3d at 457).

Finally, even if Johnson could show that his counsel fell below an objective standard of reasonableness in failing to call these potential witnesses, Johnson has not shown that his case was prejudiced by the failure to investigate or call the witnesses. As indicated by the affidavits of the potential witnesses, much of the information to be provided related to the drug use of one of the State's witnesses. However, as the Illinois Appellate Court noted, Johnson's counsel was successful in

eliciting on cross examination the fact that the specific witness used drugs. *Id.* Thus, Johnson has not shown that he suffered prejudice as a result of his trial counsel's failure to investigate or call the potential witnesses. Thus, we find that Johnson has not shown with respect to any of his claims that the state court adjudications of his criminal case were contrary to clearly established federal law. *McDowell*, 497 F.3d at 761. We therefore deny Johnson's Petition.

## CONCLUSION

Based on the foregoing analysis, we deny Johnson's petition for a writ of *habeas corpus* in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 16, 2008