# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. SHERMAN JOHNSON, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 08 C 3474 ) ) |
| DON HULICK, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Sherman Johnson's ("Johnson") *pro se* request for a certificate of appealability. For the reasons stated below, we deny the request for a certificate of appealability.

## BACKGROUND

Johnson was charged in connection with the murder of a tenant in the building where he allegedly sold drugs. *People v. Johnson*, No. 1-97-3732 (Ill. App. Ct. 1999). After a bench trial in the Circuit Court of Cook County, Illinois, Johnson was convicted of first degree murder, solicitation of murder for hire, solicitation of

1

murder, and conspiracy to commit murder. The trial court sentenced Johnson to life imprisonment. On June 18, 1999, the Illinois Appellate Court affirmed Johnson's conviction and sentence. On October 6, 1999, the Illinois Supreme Court denied Johnson's petition for leave to appeal. Johnson subsequently filed a post-conviction petition for collateral review of his conviction in the Circuit Court of Cook County, Illinois. The court dismissed Johnson's post-conviction petition on February 3, 2005. On September 28, 2007, the Illinois Appellate Court affirmed the dismissal of the post-conviction petition. Johnson then filed a petition for leave to appeal to the Illinois Supreme Court. On January 30, 2008, the Illinois Supreme Court denied Johnson's petition for leave to appeal.

Johnson subsequently filed a *pro se* petition for a writ of *habeas corpus* ("Petition"). On December 16, 2008, we denied Johnson's Petition and entered judgment in the instant action. Johnson now requests a certificate of appealability.

**LEGAL STANDARD**

If a court denies a petition for a writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2254, and the petitioner wishes to appeal that ruling, the petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## DISCUSSION

In Johnson's Petition, he raised numerous claims challenging the sufficiency of the evidence that supported his conviction, the admissibility of certain evidence admitted by the trial court, the determination of Johnson's sentence of life imprisonment, the effectiveness of Johnson's trial counsel, and other procedural decisions by the trial court. In ruling on Johnson's Petition, we concluded that all of Johnson's claims with the exception of his sufficiency of the evidence claim and his ineffective assistance of counsel claims were either non-cognizable or procedurally defaulted. Furthermore, this court concluded with respect to Johnson's claims that were not defaulted that Johnson failed to show a constitutional violation. In the instant request for a certificate of appealability Johnson has failed to meet his burden of proof and has not shown that the issues presented in his Petition deserve further encouragement on appeal.

I. Defaulted Claims

With respect to Johnson's evidentiary claims we concluded that Johnson failed to exhaust all of his state court remedies on some of the claims and that all of the evidentiary claims were also barred due to a procedural default by Johnson in the state court which the Illinois Appellate Court relied upon, in part, in ruling on

Johnson's claims. We also concluded that Johnson could not assert his sentencing claim since the federal courts will generally not review non-capital sentences that are within the state's statutory limits unless the trial court abused its discretion. *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994)(stating that "a federal court will not normally review a state sentencing determination which . . . falls within the statutory limit"); *Williams v. Duckworth,* 738 F.2d 828, 831 (7th Cir. 1984).

As we noted in our memorandum opinion denying Johnson's Petition, a *habeas* claim is defaulted when: (1) the petitioner has not exhausted state court remedies, or (2) the petitioner fails to comply with a state court procedural rule. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998). In the brief Johnson filed in support of the instant request for a certificate of appealability, Johnson has merely stated in general terms that reasonable jurists could debate the merits of his petition and has simply reasserted the grounds contained in his Petition. (Cert. App. Br. 1). However, Johnson has not addressed this court's conclusion that his evidentiary and sentencing claims are defaulted or are otherwise non-cognizable and he has not made a substantial showing that his constitutional rights were violated with respect to such claims. Therefore, with respect to the defaulted claims, reasonable jurists could not debate whether the Petition should have been resolved in a different manner and these claims deserve no further encouragement on appeal.

II. Sufficiency of the Evidence and Ineffective Assistance of Counsel Claims

In denying Johnson's Petition we also concluded that Johnson had not

4

demonstrated that the decision by the state court was "'contrary to . . . clearly established Federal law'" with respect to both Johnson's sufficiency of the evidence claim and his ineffective assistance of counsel claims. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007)(quoting in part 28 U.S.C. § 2254(d)(1)). In Johnson's sufficiency of the evidence claim, he argued that the prosecution's evidence was insufficient to convict him since the testimony provided at trial lacked credibility. However, as we noted in denying Johnson's Petition, the record reflects the fact that the prosecution in Johnson's trial presented sufficient evidence to prove Johnson's guilt. We also noted that federal courts do not evaluate witness credibility during *habeas* review. *See Julian v. Bartley*, 495 F.3d 487, 494 (7th Cir. 2007)(stating that "'federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them'")(quoting *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). In the instant request for a certificate of appealability, Johnson has done nothing more to show that his sufficiency of the evidence claim is meritorious or to show that reasonable jurists could debate the issue presented in Johnson's sufficiency of the evidence claim.

Johnson has likewise failed to make a substantial showing of a violation of his constitutional rights with respect to his ineffective assistance of counsel claims. In Johnson's Petition he argued (1) that his trial counsel erred in failing to object to the admission of certain evidence, (2) that his trial counsel continued to represent Johnson despite a conflict of interest, and (3) that his trial counsel failed to interview and call witnesses with valuable testimony. In concluding that Johnson failed to

establish his ineffective assistance of counsel claims, we noted that a *habeas* petitioner "bears the heavy burden of showing that his attorney's performance fell below the objective standard of reasonableness and that he was prejudiced by the deficient performance." *Walker v. Litscher*, 421 F.3d 549, 558 (7th Cir. 2005). To establish ineffective assistance of counsel, a defendant must show that: "(1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial." *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). There is a "strong presumption that counsel's conduct falls within the wide range of acceptable professional assistance" and the defendant faces a "heavy burden" in proving ineffective assistance of counsel. *United States v. Ruzzano*, 247 F.3d 688, 696 (7th Cir. 2001); *see also See Strickland*, 466 U.S. at 689 (1984)(stating that "[t]here are countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way"). With respect to all of Johnson's ineffective assistance of counsel claims, Johnson did not show that his counsel's actions were unreasonable or that Johnson's counsel's representation deprived Johnson of a constitutional right. Johnson has likewise failed to show that his ineffective assistance of counsel claims deserve any further encouragement on appeal. As we noted above, in seeking a certificate of appealability Johnson has done nothing more than to rehash the nature of his claims and to make a generalized and conclusory assertion that reasonable jurists could debate such claims. However, as we noted in denying Johnson's Petition, Johnson

has fallen well short of meeting his burden for *habeas* relief with respect to all of his claims.  Therefore,

since reasonable jurists could not debate whether Johnson's Petition should have been resolved in a different manner and since these claims deserve no further encouragement on appeal, we deny Johnson's request for a certificate of appealability.

**CONCLUSION**

Based on the foregoing analysis, we deny the request for a certificate of appealability.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   February 17, 2009